# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES WAGGONER, ) | |
| Plaintiff, ) | |
| v. ) | No. CIV 07-054-RAW-SPS |
| WARDEN HASKELL HIGGINS, ) | FILED |
| Defendant. ) | MAR 14 2008 |
| | William B. Guthrie |
| | Clerk, U.S. District Court |
| | By_____ |
| | Deputy Clerk |

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss or for summary judgment, plaintiff's motion for summary judgment, and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the parties' motions, and their responses. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations occurring during his incarceration at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma. The defendant is HMCC Warden Haskell Higgins.[1]

Plaintiff alleges that on January 24, 2007, he pleaded guilty to a misconduct at HMCC

---

[1] To the extent the defendant is sued in his official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

and gave up his right to appeal. He was assessed three punishments, but the defendant subsequently imposed a fourth punishment of 20 days' confinement in segregation. Plaintiff claims his placement in segregation violated his right to due process and to be free from cruel and unusual punishment. He requests monetary damages of $1,000.00 per day for the 20 days he was in segregation, plus an apology from the defendant.

The defendant has filed a motion to dismiss or for summary judgment [Docket #19], alleging plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), or to state a constitutional claim. The record shows that on January 16, 2007, plaintiff was charged with a prison misconduct for Individual Disruptive Behavior. He entered a guilty plea at his disciplinary hearing and was issued three sanctions: (1) revocation of 120 earned credits, (2) loss of his credit level for 60 days, and (3) a $10.00 fine. According to DOC's disciplinary policy, as many as four sanctions may be imposed when an inmate is found guilty or pleads guilty to a misconduct charge. [Docket #19, Exhibit 2 at 15]. In addition, the facility head has authority to modify the sanctions imposed in a disciplinary hearing. *Id.* at 16. The disposition of a misconduct is not final until the facility head/district supervisor or designee signs the Disciplinary Hearing Report form. *Id.*

Although plaintiff waived his disciplinary appeal by pleading guilty, *see id.* 10, he attempted to appeal his sanctions by filing an Inmate/Offender Grievance Report Form on January 29, 2007. The grievance form was accepted and answered with a statement that DOC policy permitted up to four sanctions for a misconduct, and the facility head had the authority to modify the sanctions imposed in a disciplinary hearing. On February 6, 2007,

2

plaintiff's appeal of the grievance response was returned by the Director's Designee, because plaintiff had written on the front of the grievance response form. Plaintiff was advised he could resubmit his corrected grievance within ten calendar days. According to an affidavit by Lavonna Bartling, DOC Administrative Programs Officer, plaintiff never resubmitted his grievance. [Docket #19, Exhibit 3].

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). The court finds plaintiff has failed to exhaust his administrative remedies.

Plaintiff's claim also fails on the merits. "Absent allegations of 'deliberate indifference' by prison officials and of a 'specific deprivation' of a 'human need,' an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 303-05 (1991)). The court finds plaintiff has failed to demonstrate the defendant was deliberately indifferent to a substantial risk of serious harm to him, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), or that his placement in disciplinary segregation deprived him of "the minimal civilized

measure of life's necessities," *Rhodes v. Chapmen*, 452 U.S. 337, 347 (1981).

Furthermore, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montayne v. Haymes*, 427 U.S. 236, 242 (1976).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 14th day of March 2008.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**